RENDERED:  MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0877-MR

GLENN KERNS                                                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE ERIC J. HANER, JUDGE
ACTION NO. 22-CI-004476

STOCK YARDS BANK & TRUST
COMPANY                                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN, JUDGES.

ACREE, JUDGE:  Appellant Glenn Kerns appeals from an order granting summary judgment for Appellee, Stock Yards Bank and Trust Company, and dismissing his claim to recover money denied him upon presentment of an official check drawn on a Stock Yards Bank account.  We affirm.

In October 2021, Brian Roe purchased two vintage automobiles from Kerns. The total price as reflected in the Bill of Sale was $48,000. Kerns paid in part through an official check issued by Stock Yards.

Roe requested that Stock Yards issue the check from his account to Kerns in the amount of $27,000. A Stock Yards employee issued the check with a correctly typed amount of "$27,000.00" in the dollar amount space in the upper right corner, but inadvertently embossed "270,000DOLS00CTS" on the line in the middle of the check.

Sometime in late July or early August of 2022, Kerns endorsed and presented the check at a Stock Yards branch for payment. He was hoping to receive $270,000.00. Stock Yards refused to honor the check in that amount but offered to replace the check with a new one in the correct amount of $27,000.00. Kerns declined. Instead, he filed the underlying lawsuit, insisting he is entitled to payment of $270,000.00 pursuant to the Kentucky Uniform Commercial Code.

The Jefferson Circuit Court granted summary judgment to Stock Yards after finding "no factual, legal, or equitable basis to support Mr. Kerns' claim[.]" (Order Granting Defendant's Motion for Summary Judgment at 2). Specifically, the court determined Stock Yards enjoyed "every right to refuse payment on the check beyond the consideration that its customer agreed to pay" and that nothing in the Kentucky Uniform Commercial Code compels Stock Yards

to pay the unintended amount. (*Id.* at 3). Kerns appeals, arguing broadly the same assertions made before the circuit court.

This Court reviews a summary judgment *de novo* because only legal issues are involved. *See Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). After review, we conclude as did the circuit court—Kerns presented a check that could not be honored for more than what Roe authorized.

Appellant asks this Court to limit its examination to "the four corners of the Cashier's Check in dispute." (Appellant's Br. at 5). But that will not advance his argument. Doing so, we see the obvious inconsistency between the typed amounts. However, also within the four corners of the check is Stock Yard's express statement that "CHECK AMOUNT OF 250,000.00 AND GREATER REQUIRE 2 SIGNATURES[.]" And there is only one "AUTHORIZED SIGNATURE" on the Check. Limiting our review to the four corners of the Check plainly indicates Stock Yards had justifiable reasons for dishonoring presentment in the amount Kerns demanded.

Apparently ignoring the obvious deficiencies on the face of the check, Kerns says the case is governed by Kentucky Revised Statute (KRS) 355.3-114. It says: "If an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers." (Appellant's Br. at 6). This statute does not resolve the discrepancy

here. First, both amounts are typed; there is no handwriting to prevail over either of the disparate amounts.

But Kerns emphasizes that "words prevail over numbers." The rationale for that rule is obvious. Accidentally adding an extra zero is far more likely than accidentally writing "*Two Hundred Seventy* Thousand Dollars and No Cents" when "*Twenty-Seven*" was intended. The former is obviously what happened here. It is disingenuous to say abbreviations distinguishing between denominations of dollars and cents such as "DOLS" and "CTS" (which is on every check regardless of amount) implicates the words-versus-numbers distinction in KRS 355.3-114. "[C]ommon sense must not be a stranger in the house of the law." *Cantrell v. Ky. Unemployment Ins. Comm'n*, 450 S.W.2d 235, 237 (Ky. 1970).

Kerns understood he was entitled to $27,000.00 from Roe and he has no good-faith basis for claiming otherwise. We reject his trifling argument that a bank clerk's error entitles him to be unjustly enriched by $243,000.00.

The circuit court's order granting summary judgment is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Harry B. O'Donnell, IV
Louisville, Kentucky

BRIEF FOR APPELLEE:

John T. McGarvey
R. Benjamin Crittenden
Louisville, Kentucky